### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID W. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-06-459-M |
| ) | |
| AARON RENTS, INC., ) | |
| ) | |
| Defendant. ) | |

### **ORDER**

This case is currently set on the Court's May, 2007 trial docket.

Before the Court is "Defendant's Motion for Summary Judgment" [docket no. 16], filed February 1, 2007. On March 21, 2007, Plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

I.  INTRODUCTION[1]

Plaintiff David W. Johnson began his employment with Defendant Aaron Rents, Inc. on April 26, 2005 as a Customer Accounts Manager. On August 15, 2005, Plaintiff was terminated. Defendant asserts that Plaintiff was terminated for unsatisfactory work performance.

On April 25, 2006, Plaintiff filed the instant action alleging discrimination based upon his race and retaliation based upon his claim of discrimination. Defendant now moves for summary judgment on Plaintiff's claims.

II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the

---

[1]The following facts are either undisputed or are described in the light most favorable to Plaintiff. Immaterial facts or factual averments not supported by the record are omitted.

record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . ." 19 *Solid Waste Dep't Mechanics v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in his favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986), *cited in Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263 (W.D. Okla. 2005).

III.   DISCUSSION

    A.   Race Discrimination Claims

Title VII prohibits an employer from discriminating against an employee on the basis of,

among other things, the employee's race, color, national origin, and/or religion. 42 U.S.C. § 2000e-2(a). A plaintiff alleging discrimination may prove intentional discrimination through either direct evidence of discrimination or indirect evidence of discrimination. *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1225 (10th Cir. 2000). Where, as here, there is no direct evidence of discrimination, the Court applies the three-step, burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Kendrick*, 220 F.3d at 1225.

> Under the *McDonnell Douglas* framework, the plaintiff must carry the initial burden under the statute of establishing a prima facie case of [ ] discrimination. Once the plaintiff has established a prima facie case, the burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for its employment action. If the defendant makes this showing, the plaintiff must then show that the defendant's justification is pretextual.

*Kendrick*, 220 F.3d at 1226 (internal quotations and citations omitted).

To establish a prima facie case of discriminatory discharge, a plaintiff must show: (1) he belongs to a protected class; (2) he suffered an adverse employment action; (3) he had been satisfactorily performing his job; and (4) the job was not eliminated after his discharge. *Id.* at 1229; *Watts v. City of Norman*, 270 F.3d 1288, 1292 (10th Cir. 2001). "[T]he burden imposed on a plaintiff at the prima facie stage is not onerous." *Ortiz v. Norton*, 254 F.3d 889, 895 (10th Cir. 2001). For purposes of summary judgment, Defendant only disputes the third element of Plaintiff's prima facie case.

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, as the Court must when addressing a motion for summary judgment, the Court finds Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to

whether he was satisfactorily performing his job. Therefore, the Court finds Plaintiff has established his prima facie case.

Once Plaintiff has established a prima facie case of discrimination, the burden shifts to Defendant to articulate a legitimate non-discriminatory reason for terminating Plaintiff's employment. *Equal Employment Opportunity Comm'n v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1191 (10th Cir. 2000). Defendant asserts Plaintiff was terminated because he was responsible for completing collection binders and he repeatedly failed to do so satisfactorily. Defendant further asserts that Plaintiff failed to correct the problem after having been counseled to do so on multiple occasions. In light of the foregoing, the Court finds Defendant has met its burden to produce a legitimate, non-discriminatory reason for terminating Plaintiff's employment.

Because Defendant has provided a legitimate, non-discriminatory reason for discharging Plaintiff, the burden shifts to Plaintiff to show that there is a genuine issue of material fact as to whether Defendant's explanation is pretextual. Pretext can be established if the Plaintiff shows either "that a discriminatory reason more likely motivated the employer or . . . that the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (citation omitted). Also, "[a] plaintiff may show pretext by demonstrating 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence and hence infer that the employer did not act for the asserted non-discriminatory reasons.'" *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (quoting *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1323 (10th Cir. 1997)). "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false,

may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000).

Having carefully reviewed the parties' briefs and evidentiary submissions, and viewing the evidence in the light most favorable to Plaintiff and viewing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff has presented sufficient evidence to create a genuine issue of material fact as to whether Defendant's reason for Plaintiff's termination is pretextual. Specifically, as set forth above, Plaintiff has presented evidence that he was performing his job in a satisfactory manner. Further, Plaintiff has presented evidence that Defendant offered to reinstate him after he complained of racial discrimination in connection with his termination. Accordingly, the Court finds that Defendant's motion for summary judgment should be denied as to Plaintiff's race discrimination claim.

Plaintiff also alleges race discrimination in violation of 42 U.S.C. § 1981. "[I]n racial discrimination suits, the elements of a plaintiff's case are the same . . . whether that case is brought under §§ 1981 or 1983 or Title VII." *Baca v. Sklar*, 398 F.3d 1210, 1218 n.3 (10th Cir. 2005). Therefore, Defendant's motion as to Plaintiff's § 1981 claim should be denied for the same reasons stated in relation to Plaintiff's Title VII claim.

B.   Retaliation Claims

To establish a prima facie case of retaliation, Plaintiff must show that (1) he opposed Title VII discrimination or participated in a Title VII investigation, proceeding, or hearing; (2) he was subject to an adverse employment action; and (3) a causal connection exists between the protected activitiy and the adverse action. *Berry v. Stevinson Chevrolet*, 74 F.3d 980, 985 (10th Cir. 1996). In connection with the second element, "[t]he existence of an adverse employment action is

determined on a case-to-case basis and does not include 'a mere inconvenience or an alteration of job responsibilities.' Instead, to constitute an adverse action, the employer's conduct must be 'materially adverse' to the employee's job status". *Medina v. Income Support Dir., New Mexico*, 413 F.3d 1131, 1136 (10th Cir. 2005).

Plaintiff asserts that after he complained of discrimination, he was offered reinstatement to a new position. Plaintiff further asserts that he viewed the new position as a demotion in retaliation for having made his discrimination complaint. Having carefully reviewed the parties' submissions, the Court finds Plaintiff has not established the second element of his prima facie retaliation case. Specifically, the Court finds that Plaintiff was terminated before he complained of racial discrimination and that Plaintiff was actually offered reinstatement subsequent to making a claim of racial discrimination. The Court finds that, although Plaintiff viewed the new position he was offered as a demotion, this reinstatement was not an adverse employment action within the meaning of Title VII. Accordingly, because Plaintiff has failed to establish a prima facie claim of retaliation, the Court finds that Defendant's motion for summary judgment should be granted as to Plaintiff's retaliation claim.

Plaintiff also alleges retaliation in violation of 42 U.S.C. § 1981. The elements of Plaintiff's retaliation claim pursuant to § 1981 are the same as the elements of Plaintiff's retaliation under Title VII, and the claims are analyzed under the same framework. *Tungol v. Certainteed Corp.*, 202 F. Supp. 2d 1189, 1197 n.18 (D. Kan. 2002); *see Amro v. Boeing Co.*, 232 F.3d 790, 799 (10th Cir. 2000). As such, Defendant's motion as to Plaintiff's § 1981 retaliation claim should be granted for the same reasons stated in relation to Plaintiff's Title VII retaliation claim.

IV.   CONCLUSION

For the reasons set forth in detail above, the Court finds that "Defendant's Motion for Summary Judgment" [docket no. 16] should be, and hereby is, GRANTED IN PART and DENIED IN PART as follows:

(1)   The Court GRANTS Defendant's motion as to Plaintiff's retaliation claims; and

(2)   The Court DENIES Defendant's motion as to Plaintiff's discrimination claims.

**IT IS SO ORDERED this 30th day of April, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE